———————————————

**Case No. 17-1166**

———————————————

# IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

**UNITED STATES OF AMERICA**
Plaintiff-Appellee

vs.

**DONTE TIMOTHY BACON**
Defendant-Appellant

*On Appeal from the United States District Court
for the Western District of Michigan*

———————————————

**BRIEF OF THE NATIONAL ASSOCIATION OF
CRIMINAL DEFENSE LAWYERS AS AMICUS CURIAE
SUPPORTING REVERSAL**

———————————————

DAVID M. ELDRIDGE
(TN BPR #012408)
*ELDRIDGE & BLAKNEY, P.C.*
400 West Church Avenue, Suite 101
Knoxville, TN 37902
(865) 544-2010
deldridge@eblaw.us

*Counsel for Amicus Curiae*

## Corporate Disclosure Statement

Pursuant to Sixth Circuit Rule 26.1, Amicus Curiae the National Association of Criminal Defense Lawyers makes the following disclosures:

1. Amicus is not a subsidiary or affiliate of a publicly-owned corporation.

2. There is no publicly-owned corporation with a financial interest in the outcome.

## TABLE OF CONTENTS

**Page No.**

CORPORATE DISCLOSURE STATEMENT ................................................................. i

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................... iii

INTEREST OF AMICUS CURIAE ...............................................................................1

SUMMARY OF THE ARGUMENT .............................................................................2

ARGUMENT ..................................................................................................................4

I. THE PANEL DECISION CONFLICTS WITH *CLASS V. UNITED STATES*, -- U.S. --, 138 S. CT. 798 (2018); *UNITED STATES V. SLONE*, 411 F.3D 643, 646-49 (6TH CIR. 2005); AND DECISIONS FROM OTHER FEDERAL COURTS OF APPEALS AND THIS COURT SHOULD GRANT *EN BANC* REVIEW TO ADDRESS WHETHER DEFENDANTS WAIVE THE RIGHT TO RAISE AS-APPLIED CONSTITUTIONAL CHALLENGES TO THEIR STATUTES OF CONVICTION BY PLEADING GUILTY AND THE STANDARD OF REVIEW THAT APPLIES TO THOSE CHALLENGES ................................................................4

II. IN CONFLICT WITH *DISTRICT OF COLOMBIA V. HELLER*, 554 U.S. 570 (2008); *TYLER V. HILLSDALE CNTY. SHERRIFF'S DEP'T*, 837 F.3D 678 (6TH CIR. 2008) (*EN BANC*); AND DECISIONS FROM OTHER FEDERAL COURTS OF APPEALS, THE PANEL DID NOT APPLY HEIGHTENED SCRUTINY TO DETERMINE THE CONSTITUTIONALITY OF RESTRICTIONS ON INDIVIDUAL SECOND AMENDMENT PROTECTIONS, AND THIS COURT SHOULD GRANT REHEARING *EN BANC* TO RESOLVE THIS CONFLICT AND ADDRESS IMPORTANT QUESTIONS ABOUT THE ANALYTICAL FRAMEWORK AND LEVEL OF SCRUTINY COURTS MUST APPLY TO RESTRCTIONS ON THESE PROTECTIONS ................................................................6

CONCLUSION ................................................................................................................9

CERTIFICATE OF COMPLIANCE ..............................................................................9

CERTIFICATE OF SERVICE ......................................................................................10

# Table of Authorities

**Page No.**

**CASES**

Supreme Court of the United States

*Class v. United States*, -- U.S. --, 138 S. Ct. 798 (2018) ...................................2, 3, 4, 5, 6

*District of Columbia v. Heller*, 554 U.S. 570 (2008)............................................3, 6, 7, 8

United States Courts of Appeals

*Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011) ...............................................3, 7

*Tyler v. Hillsdale Cnty. Sheriff's Dep't*,
837 F.3d 678 (6th Cir. 2016) *(en banc)* .................................................................3, 6, 7, 8

*United States v. Butler*, 207 F.3d 839 (6th Cir. 2000) ......................................................5

*United States v. Chester*, 628 F.3d 673 (4th Cir. 2010).................................................3, 7

*United States v. Donte Bacon*, No. 17-1166,
2018 U.S. App. LEXIS 5834 (6th Cir. Mar. 8, 2018) (slip op.) ..............................2, 6, 7

*United States v. Knowles*, 29 F.3d 947 (5th Cir. 1994) ..................................................2, 5

*United States v. Marzzarella,* 614 F.3d 85 (3d Cir. 2010)..................................................8

*United States v. Saac*, 632 F.3d 1203. 1208 (11th Cir. 2011) ........................................3, 5

*United States v. Sandsness*, 988 F.2d 970 (9th Cir. 1993)...............................................2, 5

*United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001)...............................................3, 5

*United States v. Slone*, 411 F.3d 643 (6th Cir. 2005) ..................................................2, 4, 5

*United States v. Whited*, 311 F.3d 259 (3d Cir. 2002)....................................................2, 5

**STATUTES AND RULES**

18 U.S.C. § 922(d)(1) ..................................................................................................3, 7, 8

18 U.S.C. § 922(g)(1) .........................................................................................................5

18 U.S.C. § 922(g)(9) .........................................................................................................7

18 U.S.C. § 922(k) ............................................................................................................3, 8

Fed. R. App. P. 35 ....................................................................................................3, 6, 8, 9

6 Cir. I.O.P. 35 .........................................................................................................3, 6, 8, 9

**Interest of Amicus Curiae**

The National Association of Criminal Defense Lawyers (NACDL) is a nonprofit voluntary professional bar association that works on behalf of criminal defense attorneys to ensure justice and due process for those accused of crime or misconduct. NACDL was founded in 1958. It has a nationwide membership of many thousands of direct members, and up to 40,000 with affiliates. NACDL's members include private criminal defense lawyers, public defenders, military defense counsel, law professors, and judges. NACDL is the only nationwide professional bar association for public defenders and private criminal defense lawyers. NACDL is dedicated to advancing the proper, efficient, and just administration of justice. NACDL files numerous amicus briefs each year in the U.S. Supreme Court and other federal and state courts, seeking to provide amicus assistance in cases that present issues of broad importance to criminal defendants, criminal defense lawyers, and the criminal justice system as a whole.

NACDL opposes overcriminalization of conduct at the federal level, to include federalizing crimes that are more properly matters of state jurisdiction.[1] NACDL regularly files amicus briefs concerning individual constitutional protections, to include challenges to federal criminal jurisdiction.[2] NACDL has an interest in this case because it affects whether criminal defendants may challenge the constitutionality of their statutes of conviction following a guilty plea and the standard of review applied to those challenges. The case also affects the proper framework in this Circuit for analyzing the constitutionality of restrictions on Second Amendment protections and the level of scrutiny applicable to such restrictions.

---

[1] *See* https://www.nacdl.org/overcrim/ (last visited April 4, 2018).

[2] NACDL's amicus briefs may be accessed at https://www.nacdl.org/amicus/ (last visited April 4, 2018).

## Summary of the Argument

This case presents important questions concerning criminal defendants' rights to challenge the constitutionality of their statutes of conviction on appeal, the standard of review applied to those challenges, the proper framework courts must use to determine the constitutionality of restrictions on individual Second Amendment protections, and the level of scrutiny applied to those restrictions.

The panel applied *Class v. United States*, -- U.S. -- , 138 S. Ct. 798 (2018), for the first time in this Circuit to hold the defendant did not waive his facial constitutional challenges by pleading guilty; however, in direct conflict with *Class*, the panel reframed his as-applied constitutional arguments as sufficiency of the evidence arguments that he waived by admitting the facts alleged in the indictment. *United States v. Bacon*, No. 17-1166 at 5-6, 2018 U.S. App. LEXIS 5834, at *6-9 (6th Cir. Mar. 8, 2018) (slip op.). This also conflicts with decisions of this Court and other federal Courts of Appeals. *See United States v. Slone*, 411 F.3d 643, 646-49 (6th Cir. 2005) (finding defendant did not waive as-applied constructional challenges to his statutes of conviction by pleading guilty); *see also United States v. Whited*, 311 F.3d 259, 262-63, 270-72 (3d Cir. 2002) (same); *United States v. Knowles*, 29 F.3d 947, 952 (5th Cir. 1994) (same); *United States v. Sandsness*, 988 F.2d 970, 971-72 (9th Cir. 1993) (same).

The panel reviewed the defendant's facial constitutional claims for plain error because it concluded they were not "jurisdictional," and not subject to *de novo* review. *Bacon*, No. 17-1166 at 3-4, 2018 U.S. App. LEXIS 5834, at *3-6. This Court and other federal Courts of Appeals have reached the opposite conclusion. *See Slone*, 411 F.3d at 646-49 (reviewing as-applied constitutional challenge to statute of conviction *de novo*, noting the challenge was

"jurisdictional"); *accord United States v. Saac*, 632 F.3d 1203, 1208 (11th Cir. 2011); *United States v. Singletary*, 268 F.3d 196, 198 (3d Cir. 2001).

The panel also did not follow the mode of analysis used in this, and other Circuits, to determine the constitutionality of restrictions on individual Second Amendment protections. This Court has made clear that when a defendant challenges the constitutionality of a statute under the Second Amendment challenge, the court must apply heightened scrutiny to the statute unless the Government "conclusively demonstrate[s]" the restricted conduct is unprotected by the Second Amendment. *See Tyler v. Hillsdale Cnty Sheriff's Dep't*, 837 F.3d 678, 685-87 (6th Cir. 2016) (*en banc*). However, here, the panel placed the burden on the defendant to prove his conduct was protected by the Second Amendment, then did not apply heightened scrutiny to § 922(d)(1) or § 922(k), in conflict with decisions of the Supreme Court, this Court, and other federal Courts of Appeals. *See id.; Ezell v. City of Chicago*, 651 F.3d 684, 702-04 (7th Cir. 2011); *United States v. Chester*, 628 F.3d 673, 680-83 (4th Cir. 2010); *c.f.*, *District of Colombia v. Heller*, 554 U.S. 570, 628, n. 27 (2008) (stating heightened scrutiny applies to restrictions on Second Amendment protections).

This Court should grant *en banc* review to secure and maintain uniformity of decision and to address the questions of exceptional importance created by the panel's decision. Resolution of these questions is of exceptional importance since, following *Class*, courts will need additional guidance on analyzing constitutional challenges following guilty pleas, and further instruction is needed from this Court concerning the proper analytical framework courts must use to analyze restrictions on individual Second Amendment protections, including the level of scrutiny applicable those restrictions. *See* Fed. R. App. P. 35(a)(1)-(b)(1)(B); 6 Cir. I.O.P. 35(a).

**Argument**

I. **THE PANEL DECISION CONFLICTS WITH *CLASS V. UNITED STATES*, -- U.S. --, 138 S. CT. 798 (2018); *UNITED STATES V. SLONE*, 411 F.3D 643, 646-49 (6TH CIR. 2005); AND DECISIONS FROM OTHER FEDERAL COURTS OF APPEALS AND THIS COURT SHOULD GRANT *EN BANC* REVIEW TO ADDRESS WHETHER DEFENDANTS WAIVE THE RIGHT TO RAISE AS-APPLIED CONSTITUTIONAL CHALLENGES TO THEIR STATUTES OF CONVICTION BY PLEADING GUILTY AND THE STANDARD OF REVIEW THAT APPLIES TO THOSE CHALLENGES.**

In *Class v. United States*, the United States Supreme Court held a petitioner did not waive constitutional challenges to his statutes of conviction merely by pleading guilty. -- U.S. --, 138 S. Ct. 798, 807 (2018). The *Class* petitioner argued his statute of conviction was unconstitutional under the Second Amendment, and also argued the statute *both facially and as-applied* violated due process by failing to give notice of regulated conduct. *See* Brief of Petitioner, at 9-10, *Class v. United States*, -- U.S. --, 138 S. Ct. 798 (2018) (No. 16-424) (discussing procedural history of petitioner's constitutional challenges).[3] The Court did not distinguish between the facial and as-applied nature of the claims, but broadly held Mr. Class did not waive his constitutional claims because they "challeng[ed] the Government's power to criminalize [his] (admitted) conduct" and could be resolved without venturing beyond the facts alleged in the indictment and admitted by the petitioner. *Class*, -- U.S. --, 138 S. Ct. at 804-05.

This Court, and other federal Courts of Appeals, have also determined a defendant's as-applied constitutional challenges to his statute of conviction are not waived by a guilty plea. In *United States v. Slone*, the defendant, after pleading guilty, argued on appeal his statute of conviction was unconstitutional because Congress lacked constitutional authority to criminalize vote-buying in a federal election where the votes are only directed toward a local official. 411 F.3d

---

[3] Available at http://www.scotusblog.com/case-files/cases/class-v-united-states/ (last visited Apr. 5, 2018).

643, 646, 648-50 (6th Cir. 2005). The court reviewed the challenge *de novo*, noting where "the question is simply the proper interpretation and application of the [relevant] statute, requiring no new or amplified factual determination, … that the argument was not raised below is immaterial." *United States v. Slone*, 411 F.3d 643, 646 (6th Cir. 2005) (citing *United States v. Butler*, 207 F.3d 839, 849 (6th Cir. 2000)); *accord United States v. Whited*, 311 F.3d 259, 262-63, 270-72 (3d Cir. 2002) (reviewing *de novo* as-applied constitutional challenge that Congress exceeded its Commerce Clause authority in criminalizing her intrastate embezzlement from a health care facility); *United States v. Knowles*, 29 F.3d 947, 952 (5th Cir. 1994) (reviewing as-applied constitutional challenge, raised for the first time on appeal after pleading guilty); *United States v. Sandsness*, 988 F.2d 970, 971-72 (9th Cir. 1993) (noting guilty plea did not waive facial and as-applied constitutional vagueness challenges to defendant's statute of conviction).

In *Class*, the Supreme Court did not address the standard of review applicable to these constitutional challenges, but this Court, and other federal Courts of Appeals, apply *de novo* review, noting such challenges are "jurisdictional." *See Slone*, 411 F.3d at 646-49 (reviewing *de novo* defendant's "jurisdictional" as-applied challenges, raised for the first time on appeal, that Congress exceeded its authority under Elections and Necessary and Proper Clauses in enacting his statute of conviction); *see also United States v. Saac*, 632 F.3d 1203, 1208 (11th Cir. 2011) (applying *de novo* review to "jurisdictional" challenges that Congress exceeded its authority under High Seas Clause by punishing conduct without a nexus to the United States); *United States v. Singletary*, 268 F.3d 196, 198 (3d Cir. 2001) (reviewing *de novo* jurisdictional argument 18 U.S.C. § 922(g)(1) exceeded Congress's Commerce Clause authority).

Applying *Class* for this first time in this Circuit, the panel determined the defendant's facial constitutional challenges to his statutes of conviction were not waived by his guilty plea, but the

5

panel did not review his as-applied constitutional challenges, instead "refram[ing]" them as sufficiency of the evidence arguments that were waived by admitting the facts in the indictment. *See United States v. Bacon*, No. 17-1166 at 5-6, 2018 U.S. App. LEXIS 5834, at *6-9 (6th Cir. Mar. 8, 2018) (slip op.). After refashioning the as-applied challenge as a sufficiency of the evidence challenge, the panel reviewed the defendant's facial constitutional challenges for plain error because it concluded they were not "jurisdictional." *Id*. at 3-6, *9-13.

The panel decision conflicts with decisions of the United States Supreme Court, this Court, and other federal Courts of Appeals and raises questions of exceptional importance about whether defendants may challenge their statutes of conviction following a guilty plea and the standard of review applicable to those challenges. This Court should grant rehearing *en banc* to address these issues, and should hold, following *Class*, defendants do not waive the right to raise facial and as-applied challenges to their statutes of conviction by pleading guilty and, consistent with decisions of this Court and other federal Courts of Appeals, *de novo* review applies to these challenges. Fed. R. App. P. 35(a)(1)-(b)(1)(B); 6 Cir. I.O.P. 35(a). This Court should then apply *de novo* review to the present case.

**II.      IN CONFLICT WITH *DISTRICT OF COLOMBIA V. HELLER*, 554 U.S. 570 (2008); *TYLER V. HILLSDALE CNTY. SHERRIFF'S DEP'T*, 837 F.3D 678 (6TH CIR. 2008) (*EN BANC*); AND DECISIONS FROM OTHER FEDERAL COURTS OF APPEALS, THE PANEL DID NOT APPLY HEIGHTENED SCRUTINY TO DETERMINE THE CONSTITUTIONALITY OF RESTRICTIONS ON INDIVIDUAL SECOND AMENDMENT PROTECTIONS, AND THIS COURT SHOULD GRANT REHEARING *EN BANC* TO RESOLVE THIS CONFLICT AND ADDRESS IMPORTANT QUESTIONS ABOUT THE ANALYTICAL FRAMEWORK AND LEVEL OF SCRUTINY COURTS MUST APPLY TO RESTRCTIONS ON THESE PROTECTIONS.**

In *District of Colombia v. Heller*, the Supreme Court held the Second Amendment protects the fundamental individual right to keep and bear firearms, and courts must analyze restrictions on

fundamental rights protected by the Second Amendment under heightened scrutiny. 554 U.S. 570, 577, 595, 628, n. 27 (2008).

Following *Heller*, this Court, sitting *en banc*, conclusively established the two-step mode of analysis courts in this Circuit must use to determine the constitutionality of a burden on Second Amendment protections. *See Tyler v. Hillsdale Cnty. Sheriff's Dep't*, 837 F.3d 678, 687 (6th Cir. 2016) (*en banc*). First, the *Government* must establish "the challenged law regulates activity outside the scope of the Second Amendment….[If] the historical evidence is *inconclusive or suggests* the regulated activities – or …individuals – are not categorically unprotected" then, the court must establish the applicable level of heightened scrutiny. *Id*. at 685-86 (6th Cir. 2016) (*en banc*) (emphasis added, quotations and citations omitted). In short, "unless the conduct at issue is categorically unprotected, the Government bears the burden of justifying the constitutionality of the law under a heightened form of scrutiny." *Id.*; *accord Ezell v. City of Chicago*, 651 F.3d 684, 702-04 (7th Cir. 2011) (applying heightened scrutiny to ban on firing ranges); *United States v. Chester*, 628 F.3d 673, 680-83 (4th Cir. 2010) (analyzing 18 U.S.C. § 922(g)(9) (prohibiting firearm possession by domestic-violence misdemeanants) under heightened scrutiny).

The panel did not apply this test, instead but concluded § 922(d)(1) is constitutional based on the Supreme Court's dictum in *Heller* that "[n]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons…or laws imposing conditions and qualifications on the commercial sale of arms." *United States v. Bacon*, No. 17-1166, at 7, 2018 U.S. App. LEXIS 5834, at *11 (6th Cir. Mar. 8, 2018). The Supreme Court stated these prohibitions are "presumptively lawful." *District of Colombia v. Heller*, 554 U.S. 570, 627, n. 26 (2008). To the extent the panel did apply *Tyler*'s test, it placed the burden on Mr. Bacon to prove his conduct was protected by the Second Amendment. *See Bacon*, No. 17-1166, at 7, 2018

7

U.S. App. LEXIS 5834, at *11. This Court was explicit: the government bears the burden of proving the conduct is *unprotected*. *Tyler v. Hillsdale Cnty Sheriff's Dep't*, 837 F.3d 678, 690-93 (6th Cir. 2016) (*en banc*); *see also United States v. Marzzarella*, 614 F.3d 85, 95 (3d Cir. 2010) (holding § 922(k) passed intermediate or strict scrutiny, expressing uncertainty as to whether § 922(k) burdens protected conduct).

However, *Heller's* dictum cannot be used to avoid heighted scrutiny analysis of Second Amendment challenges. "*Heller* only established a presumption such bans were lawful; it did not invite courts onto an analytical off-ramp to avoid constitutional analysis…. The mere fact that Congress created a categorical ban does not give the Government a free pass; it must still be shown the presumption applies in the instant case." *Tyler*, 837 F.3d at 686-87. Using *Heller* to avoid constitutional analysis "approximates" rational-basis review, which unquestionably does not apply to Second Amendment challenges. *Id.* at 686, n.6.

Prior to this case, the defendant was not a felon and could lawfully possess firearms. Since the government did not present evidence the defendant or his conduct are categorically excluded from Second Amendment protections, *Heller* and *Tyler* required the panel to apply heightened scrutiny to determine the constitutionality of § 922(d)(1) and § 922(k). This Court should grant rehearing *en banc* to address this conflict and the questions of exceptional importance concerning the analytical framework courts must use to address restrictions on individual Second Amendment protections and the level of scrutiny applicable to those restrictions. *See* Fed. R. App. P. 35(a)(1)-(b)(1)(B); 6 Cir. I.O.P. 35(a). This Court should then reinforce its prior ruling in *Tyler* and analyze the constitutionality of § 922(d)(1) and § 922(k) under heighted scrutiny, holding the Government to its burden of proving the statutes are valid burdens on the defendant's fundamental rights in this case.

**Conclusion**

The case presents important issues of defendants' rights to challenge the constitutionality of their statutes on appeal and the standard of review applied to those challenges, and also the proper framework this Court uses to analyze restrictions on Second Amendment protections and the level of scrutiny applied to such restrictions. The panel decision conflicts with decisions of the United States Supreme Court, this Court, and authoritative decisions of other federal Courts of Appeals. This Court should grant rehearing *en banc* to secure and maintain uniformity of decision and to address these questions of exceptional importance. *See* Fed. R. App. P. 35(a)(1)-(b)(1)(b); 6 Cir. I.O.P. 35(a).

Respectfully submitted,

*ELDRIDGE & BLAKNEY, P.C.*

/s/ DAVID M. ELDRIDGE
DAVID M. ELDRIDGE (TN BPR #012408)
*Counsel for Amicus Curiae*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 29(b)(4) and 32(g)(1), I hereby certify that this brief complies with the type-volume limitation. I have checked the number of words in the applicable portion of this brief using Microsoft Word, and the report indicates that the countable portions of this brief under Rule 32(a)(7) contain 2578 words.

/s/ DAVID M. ELDRIDGE
DAVID M. ELDRIDGE

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d), I hereby certify that a true and exact copy of the foregoing was forwarded, via the Court's electronic filing system, this 5th day of April 2018, to:

| | |
|---|---|
| Justin M. Presant | Stephen Ross Johnson |
| Office of the U.S. Attorney | Tyler M. Caviness |
| P.O Box 208, Grand Rapids, MI 49501 | Ritchie, Dillard, Davies & Johnson, P.C. |
| Justin.Presant@usdoj.gov | 606 W. Main St., Suite 300 |
| | Knoxville, TN 37902 |
| | johnson@rddjlaw.com |
| | tcaviness@rddjlaw.com |

                                  /s/ David M. Eldridge
                                  DAVID M. ELDRIDGE